BufRIN, Judge.'
 

 It is argued for the appellant, that the court erred in two respects; The first, in not' leaving it to the jui’y, whether the defendant was notmerely the medium or instrument of
 
 Thurmond,
 
 to pay to
 
 Crissman
 
 the interest to which the latter was entitled, and so
 
 Vannoy
 
 did not receive it for liimselfi The second, that'the con-. tract is not one for usurious interest, as such, but merely for an indemnity, which is lawful; and, at all events, that the character of the transaction ought to have been, left to the jury.
 

 In relation to the first, it may be-observed, in passing,that it is far from, clear, that an agent in lending money, upon an usurious contract, shall be excused, either by the fact of the agency, or by. a disclosure of it. It is a criminal act, and upon principle, it would seem that all, who participate in.it, were liable to its penalties. And altho’
 
 Crissman-
 
 might properly exact from the defaulting, sheriff the increased interest, given against him by law, he could not, under color of that right, loan the money to a third person, thro’the' instrumentality of" the sheriff, at such greater rate of interest.
 

 But here, there was no such agency. No contract with
 
 Crissman,
 
 direct or indirect, can be- inferred. He gave no assent to the loan to
 
 Thurmond.
 
 He did not know it: and was at the time actually pursuing
 
 Vannoy
 
 by suit for the money. The fact then contradicts the., position assumed.
 

 The force of the second objection depends altogether-upon the sense, in which the term
 
 indemnity
 
 is used; and the fallacy of the argument lies in the equivocal use of that word, How was this a contract of indemnity ? If it be meant, that for a certain sum,
 
 Thurmond
 
 agreed to save harmless
 
 Vannoy
 
 against a doubtful demand of
 
 Crissman,
 
 or one which the parties thought doubtful, it covcrs a case oí mere wager
 
 •,
 
 and in that pomt of view, it is immaterial, whether the demand" to. which the ris
 
 k
 
 
 *46
 
 related, Avere one for interest, or for any other cause-But then it must appear upon the obligation, by a fair construction, that such was the nature of the
 
 contract;
 
 or if the contrary there appear, it must be shown, by other proof, that such Avas in fact the agreement, and that the Avriting, as framed,- does not express the truth, and was so framed by mistake — not as to the effect, in law, of the contract as stated, but as to the terms of the agreement itself. No such proof is offered
 
 here;
 
 and the case is left on the bond itself. By the terms of that instrument, the agreement is not shoAvn to haAre been for an indemnity of the kind alluded to ; but on the contrary it is shown, that it was not for such an indemnity. It is express, that the debt is for “money lent,” and that
 
 Thurmond
 
 is to pay “ the interest,51’ which
 
 Vannotj
 
 was liable to pay to
 
 Grissman.
 
 There is nothing Avhich can lead us to suspect, that
 
 Grissman’s
 
 right was doubtful, or that any one of the parties thought it so. - If then an indemnity Avas contemplated, of what sort Avas it ? Simply, that Avhich consists in one person paying to another
 
 as interest upon a loan,
 
 Avhatever
 
 this last had
 
 agreed or Avas bound to pay, as interest, to a third person. The bare stating it thus goes far towards understanding and ansAvering the objection. In such a case, the notion of indemnity cannot give a color to the transaction. The reference to the interest for which
 
 the ohli-
 
 was liable, was only to ascertain that Avhich the ° obligor was to pay. And if the parties thought that the
 
 °^SC0
 
 might laAvfnlly reserve that rate of interest, because he Avas paying it, that Avould not help the defendant ’ provided the obligation to pay Avas absolute upon the bomnver. It Avould be a mere misconstruction of the statute ; Avhicli cannot be beard as an excuse. If the interest reserved exceed six
 
 per cent
 
 at all events, bargain is corrupt in the sense of the statute; that iS) it is a violation of the statute. If the term
 
 indemnity
 
 , he understood in this last sense, there Avas no error in leaving it to the jury. For it is no excuse for the defendant, that this was an effort to save himself from loss by reason of a previous liability of his oavh
 
 ;
 
 and there’
 
 *47
 
 fore, he gains nothing. It is like selling out stock at a loss, and charging the borrower with the loss.
 
 (Moore
 
 v.
 
 Beattie Amb.
 
 371.) Indeed the avoiding of a loss is a gain. But if it were not, the true inquiry is, whether he reserved as interest on the loan made
 
 by him
 
 a higher rate than six
 
 per cent,
 
 and received it as and for the interest reserved. The reference to his own liability upon a distinct matter is nothing. If that liability arose from his agreement to pay twelve
 
 per cent
 
 to a third person, it is manifest that he cannot rightfully make himself whole, by the loan of a like sum to another at the same rate. The interest payable by him, doesnotmake that to be received by him legal. It makes no difference, to this purpose, whetherthcliability of the lender for the excessive interest be created by •stipulation, or arise by act of law. As against him, the rate of interest may be
 
 lawful;
 
 but as between him and the person to whom he lends the money, it is unlawful.
 

 
 *46
 
 But an agree-. theVomuver a-to paytlie íate of interest, Avlúcli the latter is bound to pay a third person, ceeds^mílegal rate, is not a con-ni^t within the meaning of the whetiieruhe^ob-ligation of the e^byactoflawj .orhy stipulation.
 

 
 *47
 
 i lie paymeu of usurious inte íoln as" riguee,andmucb compieS^tS1 offence
 

 Such is precisely this case. For, I repeat, the bond explicitly declares, that the money was lent by
 
 Vannoy
 
 to
 
 Thurmond,
 
 and adjusts the rate of interest,
 
 as such ;
 
 and it was afterwards paid as such. The rate fixed on is illegal. This is done by referring to the liability of
 
 Vannoy
 
 to
 
 Crissman;
 
 and that liability was certain, according to the case. Indeed, the bond is not even, that
 
 Thurmond
 
 should pay to
 
 Vannoy
 
 what the latter should pay to Crissman, or what
 
 Crissman
 
 should
 
 recover;
 
 but what
 
 Vannoy
 
 was liable to pay, which the case states urns twelve
 
 per
 
 cent. If this defence' were sustained, one of the most effective securities for the performance of their duties by sheriffs would be destroyed, and at the same time needy men exposed to the most inordinate ex-actions, on the part of those persons, whose official situations give them the best means of discovering, and profiting by the necessities of the distressed. v
 

 The next position is, that as the act is highly penal, the case must he brought strictly within
 
 it;
 
 and there-lore, that the receipt of the mone}r must he by the defendant personally. To this there are two answers. It has often been decided, that payment to the sheriff on
 
 *48
 
 an execution, or to an assignee completed the offénce
 
 i
 
 much more, to an agent. But here the1 defendant was present, when the money was counted to his agent. He then recognized it, and surrendered the bond as thereby paid. This was a payment to himself.
 

 ' The omission to date a writ can only be taken advantag-e of by-plea in abate-ments.
 

 A verdict that “fhe statute of limitations does not bar,” is not responsive to the issue, and is erroneous.
 

 ‘ But it is such a minute of the verdict as to enable the Superior Courtto correct the entry ;
 
 *49
 
 and although the Supreme Court cannot make this correction,but if it proceeds to judgment, must award a
 
 venire facias de novo,
 
 yet it will stay the judgment, till the correction is made in the court below.
 

 
 *48
 
 Two objections are then, taken, as arising out of the record. The first is, that the writ is without date. If this were true, it is too late, after an appearance and a plea in chief, to make it. It ought to have been pleaded in abatement. But it is not true. Tho’ the year of the Christian era-is-not given in the
 
 teste,,
 
 yet that of American independence is ; and the former is stated in the memorandum of the clerk, at the foot, of the day of issuing the writ.
 

 The other ground for arresting the judgment is, for the defect of the verdict upon the issue on the plea of the statute of limitations. The words are : “ the jury find, that the statute of limitations does not bar.” The authorities cited for the defendant, very satisfactorily prove, that the verdict in this form is bad.' It is not a direct response to the issue upon the point of fact, and upon that alone. The fact is to be collected by inference only, and then is not certainly separated from matter of law. If therefore, thejudgment of the court necessarily turned on the finding of the time as thus stated, it is very uncertain what might be the determination. The truth is, that regular
 
 entries
 
 are is owing which is likely never to bo remedied, until increased business and adequate compensation shall induce competent persons to accept the office. But the court cannot but take notice, that this state of
 
 things,
 
 and perhaps also their own case, have given rise to an almost unlimited confidence of the bar in each other, that all necessary amendments of form in the acts of the clerk shall be made or intended, when the occasion shall call for them. The court would, therefore, very reluctantly yield . definitively to this objection. But we could resist it no further, probably, than by considering the entry not so much the verdict, as the minute for it; and staying the seldom made in our courts. This mainly to the want of capacity in the clerks,
 
 *49
 
 judgment here, until the plaintiff could move tbe Superior Court to amend the record consistently with the minute, and
 
 bring
 
 up the transcript as amended. That court can mould the verdict into due form : there is no such power here. I mention this, that counsel may be aware of the difficulty, arising out of the constitution of this court; and he more attentive to the making up of the record, where it is to be revised. If brought to judgment upon a defective verdict, this court has no discretion, and must, of necessity, award a
 
 venire facias de
 
 nova.
 

 In popular actions, under
 
 nil
 
 <kbet, the plaintiff must prove his action to have been brought within the period of limitation ; and when that plea is entered, a special plea of the statute of limitar tion presents an immaterial issue.
 

 That Such is not the judgment in this case, isowing to the uncommon circumstance, that the fact, intended to be found upon that issue, is found upon another. In popular actions, the statute of limitations need not he pleaded,' if
 
 nil debet
 
 be. It is a part of the plaintiff’s title or right, that he hath sued, and hath sued in due time. The burden of proof is on the plaintiff, and if his action be not brought within time, he is, upon tbe general issue, nonsuited. (2
 
 Saun.
 
 63
 
 a. noieX
 
 Xfthe same matter he put twice in issue, by several pleas, there is no authority that the verdict must refer to each issue. If the act itself be affirmed, that is enough. Here the jury do find, that the defendant owes
 
 the plaintiff
 
 the debt demanded; which cannot be, unless the plaintiff brought suit within the three years .limited bjr the act of 1808.
 

 Per Ctjriam.t-TutmimeNt affirmed.